**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHEILA SHUSTER AND DAVID SHUSTER | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | |
| | : | JURY TRIAL OF 12 DEMANDED |
| | : | |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

AND NOW, comes defendant, State Farm Fire and Casualty (hereinafter "Defendant" or "Defendant State Farm") for the purpose only of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 251001441

2.      This action was commenced by the filing of a Praecipe to Issue Writ of Summons on October 20, 2025.

3.      Plaintiffs filed an Affidavit of Service indicating that the Praecipe to Issue Writ of Summons was served on Defendant on October 28, 2025.

4.      Plaintiffs' Complaint, containing the facts and allegations on which Plaintiffs' claims are based, was filed on December 15, 2025. A copy of Plaintiffs' Complaint is attached hereto and marked as Exhibit "A".

5.      The averments made herein are true and correct with respect to the date on which suit was commenced and the date upon which this notice is being filed.

6.      This suit is of a civil nature and involves a controversy between citizens of different states.  Plaintiffs are citizens of the Commonwealth of Pennsylvania.  Defendant State Farm is now, and was at the time Plaintiffs commenced this action and filed the Complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

7.      Defendant State Farm has with the filing of this notice, given written notice to Plaintiff's counsel.

8.      Defendant State Farm is also filing a copy of the instant notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

9.      Defendant seeks to timely remove this matter to the United States District Court for the Eastern District of Pennsylvania within thirty (30) days of service of the Complaint.  Defendant asserts that the amount in controversy in this matter exceeds $75,000 based on Plaintiffs' Complaint.  As the moving party, defendant bears the burden of proving that jurisdiction is proper in federal court.  Russ vs. State Farm Mut. Auto. Ins. Co., 961 F.Supp. 808, 810 (E.D. Pa. 1997).

10.     The procedure for removal is set forth by 28 U.S.C. §1446. The pertinent portions of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

11.     In determining whether the jurisdictional amount has been satisfied, the Court must first look at the Complaint.  Angus vs. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).

12.    The Complaint asserts one cause of action against Defendant: (1) Statutory Bad Faith pursuant to 42 Pa.C.S.A. § 8371.

13.    The underlying lawsuit as alleged in the Complaint arises out of Defendant's handling and investigation of an alleged loss at Plaintiffs' property located at 1270 Blue Stone Drive, Yardley, PA 19067, allegedly resulting in damage to the property.  See Exhibit "A."

14.    In the single Count, violation of 42 Pa.C.S.A. §8371, the *ad damnum* clause in the Complaint states that Plaintiffs seek "punitive damages, counsel fees and costs, together with interest on Plaintiff's claim in an amount equal to the prime rate of interest plus three percent (3%) in an amount not in excess of $50,000." See Exhibit "A".

15.    In Plaintiffs' Complaint for bad faith, pursuant to 42 Pa. C.S.A. §8371, in addition to compensatory damages, Plaintiffs seeks punitive damages, attorney's fees, costs and statutory interest.  See Exhibit "A", *ad damnum* clause.

16.    Punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.  Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).  If Plaintiffs are able to sustain a finding of bad faith, although the same is disputed by Defendant, it is not unreasonable to expect that a punitive damage award five or six times the amount in controversy, or beyond, could be rendered by the trier of fact.

17.    "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum."  Huber v. Taylor, 2008 WL 2697774, 3 (3d Cir. 2008)(citing to Golden ex rel. Golden v. Golden, 382 F.3d 348 (3d Cir. 2004)).

18.    Moreover, attorney's fees must also be included in determining the amount in controversy.  Neff vs. General Motors Corp., 163 F.R.D. 478, 482 (E.D. Pa. 1995).  It would not

be unreasonable to expect that over the course of an approximate nine-month litigation of this nature, counsel could incur costs and fees in an amount approaching $25,000.

19.    Furthermore, the Third Circuit has noted that "[e]ven if a plaintiff states that her claims fall below the [jurisdictional] threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not. . ." Morgan v. Gay, 471 F.3d 469, 474-75 (3d Cir. 2006).

20.    In Feldman v. New York Life Ins., 1998 WL 94800, (E.D. Pa. 1998), Judge Hutton noted "although the [plaintiffs] state in the *ad damnum* clause that their damages do not exceed $75,000, inclusive of punitive damages, the Court finds that they cannot employ this approach to manipulate federal jurisdiction and defeat the Defendant's statutory right of removal."

21.    In this case, by way of correspondence dated January 5, 2026, Defense counsel sent to Plaintiffs' counsel a Stipulation to Cap Damages at $75,000.00 (the "Stipulation") and notice of Defendant's intent to remove this action to this Honorable Court if the Stipulation was not executed and returned.  A copy of the Stipulation and accompanying correspondence, is attached hereto as Exhibit "B".

22.    Plaintiffs' counsel refused Defense counsel's offer and acknowledged that Plaintiffs' costs and fees may exceed the jurisdictional limit.  Plaintiffs' counsel did not return an executed Stipulation.  See Exhibit "B".

23.    Since Pennsylvania does not permit a demand for a specific sum, and permits recovery of damages in excess of the amount demanded, removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

24. "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." <u>Hatchigian v. AAA Mid-Atlantic Member Rels</u>., Civ. A. No. 19-4740, 2020 U.S. Dist. LEXIS 92063 (E.D. Pa. May 27, 2020).

25. Given Plaintiffs' claims for bad faith, Plaintiffs' demand for punitive damages and attorney's fees, together with Plaintiffs' refusal to execute the proposed Stipulation, the amount in controversy in this case is in excess of the $75,000 jurisdictional threshold for removal to Federal Court, in accordance with 28 § 1332(a).

26. Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.


BY: _____/S/_____
WILLIAM H. HOFMANN
Attorney for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

Date: January 14, 2026

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID SHUSTER AND SHEILA SHUSTER | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | |
| | : | JURY TRIAL OF 12 DEMANDED |
| | : | |

## NOTICE OF REMOVAL

**TO:**   Joseph A. Zenstein, Esquire
Zenstein Kovalsky, LLC
1240 Old York Road, Suite 101
Warminster, PA 18974

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has filed in this Court a verified Notice for Removal of the State Court action, <u>Shuster, et al. v. State Farm Fire and Casualty Company</u>, now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, at docket number 251001441.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now removed to this Court. The State Court has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

BY:
_____/S/_____
WILLIAM H. HOFMANN, ESQUIRE
Attorneys for Defendant

Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SHUSTER AND SHEILA SHUSTER | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | |
| | : | JURY TRIAL OF 12 DEMANDED |
| | : | |

## DEFENDANT'S CERTIFICATION OF FILING OF
## COPY OF NOTICE OF REMOVAL WITH STATE COURT

I, being duly sworn according to law, state that I am an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Fire and Casualty Company; and that

I did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on or about January 14, 2026.


BY:    _____/S/_____
WILLIAM H. HOFMANN, ESQUIRE
Attorneys for Defendant
Attorney ID No: 201268
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

## **AFFIDAVIT**

I, William H. Hofmann, Esquire, being duly sworn according to law, do hereby depose and state that I am an attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

/S/

_____

WILLIAM H. HOFMANN